**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
DIANA M. RIVERA, ESQ: STATE BAR NO.: 222025

Attorneys for Defendant,
LOWE'S HOME CENTERS LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN RIVARD,<br><br>     Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.,<br>LOWE'S HOME CENTERS, LLC;<br>and Does 1 to 20,<br><br>     Defendants. | Case No:  3:17-cv-974-CAB-PCL<br><br>(San Diego County Superior Court Case 37-2016-00041893-CU-PO-CTL)<br><br>**ORDER**<br><br>*Assigned to District Judge Cathy Ann Bencivengo and Magistrate Judge Jill L. Burkhardt* |

Plaintiff HELEN RIVARD ("Plaintiff") and Defendant LOWE'S HOME CENTERS, LLC ("Defendant") jointly submit this Proposed Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use and disposition of certain information and documents during litigation of this matter.

**Good Cause Statement**

Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).  In the instant matter, Defendant's Confidential Documents (as later defined herein) contain proprietary and confidential trade secret information relating to Defendant's business practices and its safety protocol. Defendant derives independent

economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, Defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in Defendant's Confidential Documents would reveal Defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If Defendant's safety protocol were revealed to the general public, it would hinder Defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. An order of the Court is needed in this case to enable the Court to enforce the stipulated agreement between the parties in the event of

violation of such agreement by either party. Accordingly, the parties respectfully submit that there is good cause for the entry of a Protective Order in this case.

The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is HEREBY ORDERED as follows: The parties, therefore, agree as follows:

1. All documents produced or information disclosed and any other documents or records designated as "CONFIDENTIAL" by the Defendant shall be revealed only to a settlement officer, court personnel, Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. Documents or records designated as "CONFIDENTIAL" may be used in support of motions or at trial in the instant case. To the extent any documents or information covered by this Stipulation will be used at trial, the parties will make arrangements with the trial judge regarding the handling of said documents, records and/or information during trial. The information designated as "CONFIDENTIAL" and disclosed only in accord with the terms of this paragraph may include, without limitation, documents and information containing Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production. Information and documentation considered "CONFIDENTIAL" are subject to protection under Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of Federal law.

**ORDER**

2.      Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action.  Under no circumstances shall information or materials covered by this Stipulation be disclosed to anyone other than court personnel, Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action.  At the conclusion of the proceedings in this action, all documents and information subject to this Stipulation, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

3.      Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Stipulation and any Orders of the Court pursuant hereto and agree to be bound by its terms.

4.      If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)     Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b)     Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order.  I further agree to be bound by its terms."  Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

- 4 -

5. The Court's Order pursuant to this Stipulation is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

6. Nothing contained in this Stipulation is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

Based on the foregoing, Plaintiff HELEN RIVARD and Defendant LOWE'S HOME CENTERS, LLC hereby request that this Court issue a protective order governing the treatment of confidential information in this matter.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATE: DATE: October 27, 2017

Peter C. Lewis
United States Magistrate Judge

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

## [PROPOSED] ORDER

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| George E. Fleming, Esq,<br>Melisa McKellar, Esq.<br>FLEMING, PC<br>4225 Executive Square, No. 200<br>La Jolla, CA 92034<br>(858) 554-0500; (858) 554-0673 – Fax | Attorneys for Plaintiff,<br>HELEN RIVARD |

5.  a.  **____** **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  **X** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

      (1)  **____** deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2)  **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

*Helen Rivard v. Lowe's Home Centers, LLC*
*Case No.: 3:17-cv-974-CAB-JLB*

c.  ____  **By overnight delivery.**  I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ____  **By messenger service.**  I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e.  ____  **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached to my file copy.

f.  ____  **By e-mail or electronic transmission.**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____     _____     _____
Date                      (Type or Print Name)                          (Signature of Declarant)

I:\28000-000\28182\Discovery\Federal\Proposed Order.docx

- 7 -
**ORDER**